UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHEN L. SCHEIDEL,

         Plaintiff,

    v.              5:09-CV-1277
                       (GTS/GHL)
MICHELLE KOSSE, ROBERT J. FAGAN,
MICHELLE BORZILLO, RICHARD B. FRYE,
CHRIS J. CONANAN, TOMMIE BARNES,
JAMES R. LAWRENCE, HENRY R.F. GRIFFIN,
ERICA F. BOVENZI, ROBERT FELDMAN,
BARBARA PFAFFENBERGER,
JOYCE YAMASKI,

         Defendants.
_____

APPEARANCES

STEPHEN L. SCHEIDEL
Plaintiff *pro se*
216 Essex Street
Syracuse, New York 13204

GEORGE H. LOWE, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

  The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff, together with an application to proceed *in forma pauperis*, a motion to appoint counsel, and a request for a three-judge panel. (Dkt. Nos. 1-4.) Plaintiff alleges that several employees of the Federal Deposit Insurance Corporation ("FDIC") caused the FDIC to wrongfully withdraw its offer of employment to Plaintiff when a criminal background check revealed that Plaintiff had been convicted of felony embezzlement and fraud in 1992. (Dkt. No. 1.)

  Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Plaintiff's claims here are duplicative of several other actions that he has filed in this Court, each arising from the FDIC's withdrawn offer of employment. *Scheidel v. Federal Deposit Insurance Corp.,* No. 09-CV-0822 (GTS) (styled as *habeas* petition and dismissed on initial review as duplicative of 5:09-CV-0114) (appeal dismissed as lacking an arguable basis in law or fact); *Scheidel v. Federal Deposit Insurance Corp.*, No. 5:09-CV-0114 (GTS/GHL) (pending); *Schiedel v. United States*, No. 5:09-CV-1223 (awaiting initial review); *Scheidel v. Federal Deposit Insurance Corp.*, No. 5:10-CV-0223 (NPM) (dismissed with prejudice on initial review).

As a general rule, "[w]here there are two competing lawsuits, the first suit

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

> should have priority." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986)) (alteration in original). This rule "embodies considerations of judicial administration and conservation of resources" by avoiding duplicative litigation ... *Id*. at 80. We have recognized only two exceptions to the first-filed rule: (1) where the "balance of convenience" favors the second-filed action, see, e.g., *Motion Picture Lab. Technicians Loc. 780*, 804 F.2d at 19; *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir.1951), and (2) where "special circumstances" warrant giving priority to the second suit, see, e.g., *First City Nat'l Bank*, 878 F.2d at 79.

*Employers Ins. of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Claims are duplicative if they arise from the same nucleus of fact. *See Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235 (D. Conn. 2003). Here, the claims are duplicative of those raised in pending case 5:09-CV-0114. Therefore, I recommend that the action be dismissed with prejudice.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's *in forma pauperis* application (Dkt. No. 3) is granted;[3] and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be dismissed with prejudice; and it is further

**RECOMMENDED** that Plaintiff's motions for appointment of counsel (Dkt. No. 2) and for a three-judge panel (Dkt. No. 4) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 5, 2010
       Syracuse, New York

                                          George H. Lowe
                                          United States Magistrate Judge